FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUL 08 2019
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**RANDAL HUFF, Individually and
on behalf of All Others Similarly Situated**                             PLAINTIFF

vs.                                      No. 3:19-cv-193-BSM

**PREFERRED FAMILY HEALTHCARE,
INCORPORATED; and QUAPAW HOUSE, INC.**                        DEFENDANTS

This case assigned to District Judge Miller
and to Magistrate Judge Kearney

## ORIGINAL COMPLAINT— COLLECTIVE ACTION

COMES NOW Plaintiff Randal Huff, individually and on behalf of all others similarly situated, by and through his attorneys Daniel Ford and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendant Preferred Family Healthcare, Incorporated, and Quapaw House, Inc. (hereinafter collectively, "Defendant"), he does hereby state and allege as follows:

### I.   PRELIMINARY STATEMENTS

1.      This is a collective action brought by Plaintiff Randal Huff, individually and on behalf of other Mental Health Professionals employed by Defendant at any time within a three-year period preceding the filing of this Complaint.

2.      Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, costs, including a reasonable attorney's fee as a result of

Defendant's failure to pay Plaintiff and other Mental Health Professionals lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, infra.

## II.   JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

6. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

7. The acts complained of herein were committed and had their principal effect against Plaintiff within the Jonesboro Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8. Defendant does business in this district and a substantial part of the events alleged herein occurred in this District.

9. The witnesses to overtime violations alleged in this Complaint reside in this District.

10. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

## III.  THE PARTIES

11.  Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12.  Plaintiff Randal Huff is a citizen and resident of Shelby County, Tennessee.

13.  Plaintiff worked for Defendant as a Mental Health Professional within the three (3) years preceding the filing of this Complaint, primarily in Defendant's Marion, Arkansas location.

14.  Plaintiff was paid an hourly rate.

15.  At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

16.  Separate Defendant Preferred Family Heatlhcare, Incorporated is a nonprofit corporation created and existing under and by virtue of the laws of the State of Missouri, registered to do business in the State of Arkansas, providing substance abuse treatment, prevention, and mental health services in over 145 locations located throughout Arkansas, Missouri, Oklahoma, Kansas and Illinois.

17.  Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

18.  During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling,

selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

19. Defendant's principal address is 900 East LaHarpe Street, Kirksville, Missouri 63501.

20. Defendant's registered agent for service of process in the State of Arkansas is Julie Ann Meyer, 9219 Sibley Hole Road, Little Rock, Arkansas 72209.

21. Defendant was at all times relevant hereto Plaintiff's employer, as well as the employer of the members of the class, and is and has been engaged in interstate commerce as that term is defined under the FLSA.

22. Within the past three (3) years preceding the filing of this Complaint, Defendant continuously employed at least four employees, including Plaintiff.

23. Separate Defendant Quapaw House, Inc., is a nonprofit corporation created and existing under and by virtue of the laws of the State of Arkansas, registered to do business in the State of Arkansas, providing substance abuse treatment, prevention, and mental health services in over 35 locations across the state of Arkasnas.

24. Separate Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

25. During each of the three years preceding the filing of this Complaint, Separate Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees

handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

26. Separate Defendant Quapaw House, Inc.'s principal address is 276 Linden Street, Hot Springs National Park, Arkansas 71913.

27. Separate Defendant Quapaw House, Inc.'s registered agent for service of process in the State of Arkansas is Casey Bright, 276 Linden Street, Hot Springs National Park, Arkansas 71913.

28. Separate Defendant was at times relevant hereto Plaintiff's employer, as well as the employer of the members of the class, and is and has been engaged in interstate commerce as that term is defined under the FLSA.

29. Within the past three (3) years preceding the filing of this Complaint, Defendant continuously employed at least four employees, including Plaintiff.

30. Separate Defendant Quapaw House, Inc., is liable both as Plaintiff's direct employer following its takeover of certain clinics from Separate Defendant Preferred Family Healthcare, Incorporated, and under the doctrine of successor liability.

31. Separate Defendant Quapaw House, Inc., maintained a continuity of the business being provided by Separate Defendant Preferred Family Healthcare, Incorporated, taking over and offering similar or identical services at the same locations.[1]

32. Separate Defendant Quapaw House, Inc., likely had knowledge of the violations at the time it took over the business, considering a lawsuit against Separate

---

[1] *See,* https://www.quapawhouseinc.org/pfhclients, a page of Separate Defendant Quapaw House, Inc.'s website relating to the transition of services to Separate Defendant Preferred Family Healthcare, Incorporated clients following its purchase of the business. Last accessed July 8, 2019.

Defendant Preferred Family Healthcare, Incorporated relating to similar violations as this case was pending at the time of the sale and was part of both public record and publications covering issues relating to Preferred Family Healthcare.[2]

33.   Because the continuation of business between the two separate defendants, the two entities effectively operated as one employer as it relates to Plaintiff and the proposed collective, and Plaintiff will collectively refer to them collectively as "Defendant" herein.

## IV.   REPRESENTATIVE ACTION ALLEGATIONS

34.   Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as Mental Health Professionals who were or are employed by Defendant and who are entitled to payment for all of their overtime wages that Defendant failed to pay from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

35.   Plaintiff is unable to state the exact number of the class but believes that the class's membership is more than 1000 persons.

36.   Defendant can readily identify the members of the class, who are a certain portion of the current and former employees of Defendant.

37.   The names and physical and mailing addresses of the FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the FLSA collective action Plaintiffs via text message and first class mail to their last known physical and mailing addresses as soon as possible.

---

[2]   See, *Frances Smith, et al. v. Preferred Family Healthcare, Inc.*, 1:17-cv-82-JLH (E.D. Ark. Oct. 2, 2017).

38. The email addresses of many of the FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the FLSA collective action Plaintiffs via email to their last known email addresses as soon as possible.

39. The cellular telephone numbers of the FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the FLSA collective action Plaintiffs via text message as soon as possible.

40. The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendant which violated the FLSA, including:

A. Defendant's uniform failure to compensate employees pursuant to the requirements of the FLSA; and

B. Defendant's failure to pay members of the class proper overtime compensation in violation of the FLSA, 29 U.S.C. § 201 et seq.

## V.   FACTUAL ALLEGATIONS

41. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

42. Plaintiff worked for Defendant from 2010 to November of 2018 as a Mental Health Professional in multiple locations, including locations in Marion, Jonesboro and Trumann.

43. Defendant directly hired Plaintiff and other similarly-situated employees, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

44. Plaintiff and other similarly-situated employees performed duties such as providing mental health treatment, contacting Defendant's clients, attending meetings, scheduling appointments, filling out relevant paperwork, billing clients, etc.

45. Plaintiff and other similarly-situated employees worked in excess of forty (40) hours per week throughout their tenure with Defendant.

46. Plaintiff and other similarly-situated employees were classified as hourly employees and regularly worked in excess of forty (40) hours per week.

47. Defendant did not pay Plaintiff or similarly-situated employees one and one-half times their regular rate for hours in excess of forty (40) in a week.

48. It was Defendant's commonly applied policy to only pay Plaintiff, other Mental Health Professionals for the hours in which they billed Defendant's patients.

49. The work that Plaintiff and the class members performed was not all billable to Defendant's clients; therefore not all of the work was compensated.

50. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and other Mental Health Professionals violated the FLSA.

## VI.  LEGAL ALLEGATIONS

51. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

### A.  Individual Allegations under the FLSA

52. 29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week. 29 U.S.C.S. § 207 (LEXIS 2013).

53.   Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by failing to pay Plaintiff and other similarly-situated employees the proper overtime premium.

54.   Defendant's conduct and practice, as described above, have been and is willful, intentional, unreasonable, arbitrary and in bad faith.

55.   By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

### B.   FLSA § 216(b) Representative Action Allegations

56.   Plaintiff brings this collective action on behalf of all Mental Health Professionals employed by Defendant to recover monetary damages owed by Defendant to Plaintiff and members of the Putative Class for all the overtime compensation for all the hours he and they worked in excess of forty (40) each week.

57.   Plaintiff brings this action on behalf of himself individually *and* all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

58.   In the past three years, Defendant has employed hundreds of Mental Health Professionals.

59.   Like Plaintiff, these Mental Health Professionals regularly worked more than 40 hours in a week.

60. Defendant failed to pay these employees the proper overtime wages. Because these employees are similarly situated to Plaintiff, and because they are owed overtime for the same reasons, the opt-in class is properly defined as:

**All Mental Health Professionals or Who Worked in More Than Forty (40) Hours in Any Week.**

61. This group includes, but is not necessarily limited to, hourly paid workers employed in States where Defendant does business.

### C.   Individual Allegations Under the AMWA

62. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-203(4).

63. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

64. Defendant failed to pay Plaintiff all overtime wages owed, as required under the AMWA.

65. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

66. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

67. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Randal Huff, individually and on behalf of all others similarly situated, respectfully prays that Defendants be summoned to appear and to answer herein as follows:

(a)   That Defendants be required to account to Plaintiff, the class and collective members, and the Court for all of the hours worked by Plaintiff and the class members and all monies paid to them;

(b)   A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the AMWA, and their relating regulations;

(c)   Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(d)   Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the AMWA, and their relating regulations;

(e)   Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, the AMWA, and their relating regulations in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the Collective during the applicable statutory period;

(f)   An order directing Defendants to pay Plaintiff and members of the Collective prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(g)     Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**RANDAL HUFF, Individually and on Behalf of all Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Daniel Ford
Ark Bar No. 2015079
daniel@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com